## THE STATE v. VANDERLIP.

The description, in an information for larceny, of the party injured, as *I. B. Kirkland*, though his real name be *Isaac B. Kirkland*, is sufficient.

Where there is but one count in an information for larceny, those parts which are defective by reason of the failure to aver the value, may be rejected as surplusage, without affecting its validity; and the conviction as to the remainder will be good, under a general verdict.

Although, in general, it is necessary to use the precise technical expressions of the statute, in describing an offence, a variance which does not alter the sense of a material part of the statute, will not vitiate an information. As where a statute punishes "the robbery or larceny of *bank notes*, obligations" &c., and an information charges the larceny of "one note of the bank of Mobile," "one note of the bank of Alabama," "of the goods and chattels" &c.; the terms "bank notes" and "notes of a bank" being, in common parlance, synonymous.

It is sufficient in an information for larceny, under sec. 10 of the stat. of 4 May, 1805, to aver that the notes which were the subject of the larceny, were the "goods and chattels" of the person entitled to them; it is not necessary that it should be stated that they were his "property." The word "chattels," used in such a case, signifies property and ownership.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Elmore*, Attorney General, for the State. 1. At common law there was no such thing as larceny of bank notes, bills of exchange, and promissory notes. See Archbold's C. P. p. 208, and the authorities there cited. 2d. The punishment for stealing bank notes, and monied obligations generally, is provided for by the act of 1805. B. & C. 243, sec. 10. 3. The name of the injured party is set out in the information, with sufficient certainty. See Archbold's C. P. p. 211, 212, 121, 122. 4. The statute having made the stealing of bank notes and monied obligations a punishable offence, no value need be assigned to them in the information. 3d Chitty, 247. Russell and Ryan, 406. 2d Hale, P. C. 182. Archbold's C. P. 211. *Reg.* v. *Morris*, 9 C. & P. 349. *Reg.* v. *Bingley &* *Law*, 5 C. & P. 602. *Commonwealth* v. *Smith*, 1st Mass. 244, 245. 5. The information is sufficiently descriptive of the property alleged to be stolen. See 3d section of the act, entitled "An act to provide for the prosecution and punishment of crimes therein mentioned," approved March 8th, 1845, p. 47, Sessions Acts. 6. Bank notes and monied obligations are goods and chattels. *Common-*

*wealth* v. *Boyer*, 1 Binney, 208. *Commonwealth* v. *Richards*, 1st Mass. 337. *People* v. *Holbrook*, 13 Johnson, 93. *United States* v. *Moulton*, 5 Mason, 544 *et seq.*, and the authorities there referred to.

*Upton* and *Frost*, for the appellant.    1. Whatever is good cause of demurrer, is good in arrest of judgment. 1 Chitty, 662, 443. 4 Blacks. 376. For what is good cause of demurrer, see 1 Chitty, 439. 4 Blacks. 335. 2. An information must have the certainty of an indictment. 1 Chitty, 846—2, pp. 6, 7. 3. An indictment must contain no abbreviation nor figures, except where it embodies a copy of some instrument. 1 Chitty, 175, 176. Arch. 52. 4. The name of the aggrieved party must be given, if known; if not known, this fact of ignorance must be stated. 3 Chitty, 950—1. 1 Ib. 213, 216. Arch. 31. 5. The use of the initials of a man's name is fatal, because they are abbreviations, and because they do not constitute a name. 1 Pick. 388. 3 Ib. 263. Arch. 176. 6. An indictment must allege the value of each article stolen, and where a value is laid as to a part, and silent as to a part, and a general verdict is found, it will be bad. 1 Mass. 245. 3 Chitty, 948, 959. Arch. 176. 2 An. R. 741. 5 Mason, 301. 7. Information is defective in its description of the property. 1 Chitty, 172, 282. Arch. 48, 49, 50. 2 Russel, 170. 2 Leach, 1055, 565. 3 Chitty, 967—8, 947, and notes. 2 East. P. C. 601, 602. 1 Binney, 201. 1 Dyer, 5, B.

A correct indictment for the stealing of " bank notes," is in 2 Harris & Gill, 407. The cases in Leach all give the description as bank notes of a certain value, and the property of some person. This information charges the defendant with stealing notes of certain banks, and a draft—a value is only stated as to a portion, and they are described as "the goods and chattels," and not the " property," of *I. B. Kirkland*. These objections are purely technical, but they are sustained by authority; and we rely on the law as it exists. By a statute of 7 Geo. IV. many of these objections are no longer good on a motion in arrest of judgment. No such statute of jeofails has been enacted in this State, and the court must decide by the law as it existed in 1805.

In reply to the positions and arguments of the Attorney General: We deny that the allegation of value is dispensed with. Not a single authority quoted by the State bears out the proposition. Lord Hale says the value must be alleged. So says Archbold. The case in the Mass. Rep. is headed thus: "In an indictment for stealing money, value must be laid." The case in Russell & Ryan holds that, it is necessary to aver value to sustain a conviction. The reference from Archbold only recites that it is no longer necessary to *prove* value equal to the smallest coin. The point here is, whether a value should be *averred.*

Bank notes are not goods and chattels. If they are goods and chattles, why was it necessary to pass statutes making the taking of bank notes larceny?

The first and last points of the attorney general contradict each other.

The case in 1 Binney, presented ten points. The court decided the first in favor of the defendant, and declined to pass on the second. The case from 1 Mass. Rep. 137, did not present the point, and it was not made nor passed upon. The case in 13 Johnson is against us; and so is that in 5 Mason, 544. That is a decision of Judge *Story*, who never has been deemed the highest authority in criminal law. In that case he held that, bank notes were personal property. At the same term of the court, and in the same volume, he held that a promissory note was not personal property. We rely on the english authorities as fixing the definition of larceny, and the necessary averments of an indictment.

The judgment of the court *(Slidell, J, absent,)* was pronounced by

KING, J.    The defendant was prosecuted under the 10th section of the act of 1805, B. and C.'s Dig. p. 243, for the larceny of several bank notes, and other effects, alleged to belong to *I. B. Kirkland*. He was convicted and sentenced, and has appealed.

It is urged that the information was defective, for the following reasons: 1. Because the name of the party aggrieved is not sufficiently averred.    2. Because the value of each of the articles charged to have been stolen, is not alleged. 3. Because the description of the property stolen is defective. 4. That the notes stolen are alleged to be the " *goods ana chattels*" of *I. B. Kirkland*, whereas, it is contended, they should have been averred to be the "*property*" of the person injured.

STATE              These objections to the information are, as was correctly said in argument,
v.            purely technical, and depend entirely upon authority.
VANDERLIP.
    I. As regards the first ground.  The name of the injured party is averred in
the information to be *I. B. Kirkland*.  Upon the trial *Kirkland* appeared as a
witness, and testified that his name was *Isaac B. Kirkland;* whereupon the
counsel for the accused asked the judge to instruct the jury that the prisoner
was entitled to his discharge; which charge the judge refused to give.  As regards
the description to be given in the indictment of other persons than the defendant
referred to in it, Hawkins says : " It is certainly safest to describe them with
convenient certainty, which will hardly be dispensed with except in special cases,
and for special reasons.  Yet when, in common presumption, it may be very
difficult, if not impossible, to know the names of the persons referred to in an
indictment, it may be good without naming any of them !"   After giving several
exceptions to the rule requiring the name of the injured party to be averred, he
concludes by saying : " However, from the whole, thus much seems plainly to
follow, that whenever the person injured is known to the jurors, his name ought
to be put in the indictment."  Hawkins P. C., book 2, chap. 25, sec. 73.  In the
case of the *King* v. *Sulks*, an indictment for larceny, laying the goods stated to
be the property of *Victory*, Baroness Turkheim was sustained, although her
true name was *Selina Victoria*.  The court said it was not necessary that there
should be an addition to the name of a prosecutor in an indictment; that all the law
requires upon this subject is, certainty to a common intent ; and that, as the prose-
cutrix had always acted in, and been known by the appellation of, Baroness of
Turkheim, and could not possibly be mistaken for any other person, it must be
taken to be her name, and referred to the authority of Hawkins."  See the case
in 2d Leach C. L. p. 1006.

    An indictment for the forgery of a draft addressed to Messrs. *Drummond & Co.,*
by the name of Mr. *Drummond,* without stating the names of *Drummond's* part-
ners, was held, at a conference of all the judges, to be good.  The judges said that
they must understand the words " Messrs. *Drummond & Company*" as every
body else did, to mean the partners in the partnership in the banking house.
One of the judges said, the only question was whether *Drummond & Co.* were
meant by the prisoner, which was established by the verdict.  2 East, P. C. 990.
An indictment for an assault on *John,* parish priest of D, was held to be suffi-
ciently certain.  2 Hawkins, P. C. chap. 25, sec. 74.  In each of these cases,
the party injured appears to have been known to the jurors, and in each the name
is incorrectly stated.  In the two first, the error consisted in omitting the chris-
tian names; and in the third, in omitting the sirname.

    In the present instance it appears that *Kirkland* was a merchant, residing in
Memphis, in the State of Tennessee; that the package containing the notes,
alleged to have been stolen, was taken while being transmitted to his correspon-
dent in this city ; and that it was marked *I. B. Kirkland*.  It was shown on the
trial that *Isaac B. Kirkland* was the owner of the notes and other effects con-
tained in the package, and described in the indictment as being the property of
*I. B. Kirkland*.  It is not pretended that *I. B. Kirkland* and *Isaac B. Kirkland*
are not one and the same person, and the owner of the effects stolen.  That
*Kirkland* was known by the name of *I. B. Kirkland,* is evident from the fact
that he is so described in the information.  But it is not shown that he was known
to the attorney general, or in this city, by any other name than that of *I. B.
Kirkland,* and being the resident of another State, we cannot presume that the
attorney general knew him by any other name than that averred in the informa-
tion.

It is only when the party injured cannot be described by name, that it becomes necessary to state that·he is a person unknown. But with the evidence before him that the aggrieved party was known by the name of *I. B. Kirkland*, the attorney general could not, with propriety or truth, have averred the property in the notes to be in a person unknown, On the contrary, the rules of criminal pleading absolutely required that, he should have averred it to be in a person whom the evidence in his possession described as *I. B. Kirkland.*

We think that the circumstances of this case, tested by the strictest rules of criminal pleading, bring it within the exceptions to the general rule which require the name of the injured party to be accurately set forth, and authorize the averment as made in the information. See 1 Chitty, C. L. p. 212, *et seq.*

II. The information alleges that several different notes were stolen, but avers the value of but two of them.

The only authority to which we have been referred, in support of the proposition that sentence could not be passed on a general verdict upon an indictment of this kind, establishes, as we think, the reverse of the proposition. See 1 Mass. Rep. 245. If there had been several counts, instead of one, some of which averred a value to the articles stolen, and others which did not, it seems to be settled that, after a general verdict, judgment could have been given upon the good counts. When there is but one count, those parts of it which are defective, by reason of the failure to aver the value, may be rejected as surplusage, without affecting the validity of the instrument; and the conviction as to the remainder will be good.

III. The next objection is that, the description of the property stolen is defective. It is contended that the notes should have been described in the precise terms of the statute. The words of the act are: " The robbery or larceny of *bank notes*, obligations" &c. " shall be punished" &c. The averments in the information are : " one *note of the Bank of Mobile*," "one *note of the Bank of Alabama*," "of the goods and chattels."

Although, in general, it is necessary to use the precise technical expressions of the statute in describing the offence, a variance which does not alter the sense of a material part of the statute will not vitiate the indictment. The terms " bank notes," and " notes of a bank," are, in ordinary parlance, synonymous. Both are understood to mean the notes emitted as the circulation of the bank. In the case of the *Comm.* v. *Richards*, it was held that a deviation from the terms of the statute, similar to that which occurs in the information now under consideration, did not vitiate the indictment. *Comm.* v. *Richards*, 1 Mass. Rep. 338.. We think that case conclusive of the point presented.

IV. The last objection urged we also think untenable. In the case of *The People* v. *Holbrook*, 13 Johnson's Rep. 93, 94, anaverment of the property, in the terms used in the present information, was held good. The court said : "It is sufficient to lay in an indictment that the notes or instruments mentioned in the statute are the *goods and chattels* of any person who is entitled to them; and that the word *chattels* denotes and signifies, when applied as in this case, property and ownership." *Judgment affirmed.*